**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-CV-00192-MSK-KLM

DURST PHOTOTECHNIK AG, a foreign corporation,

PLAINTIFF,

v.

IMAGING TECHNOLOGY INTERNATIONAL CORPORATION, a Colorado corporation;

DEFENDANT.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon the showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information, whether in oral, written, paper or electronic form, disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.
2. As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Any party, or any third party subject to discovery in this action ("The Litigation") may designate as "Confidential" any document or other material that such party believes to contain "Confidential Information" as defined below, including without limitation, any information produced pursuant to a discovery request (whether in paper or electronic form), any document marked as an exhibit at any deposition taken in this proceeding, any information given orally at a deposition or otherwise, or the transcript of any deposition taken in this proceedings, or any information provided in writing in any interrogatories, or otherwise, if it reflects, refers to or evidences any "Confidential Information."

4. All "Confidential" documents produced by any party or non-party in The Litigation shall be used by the party or agent receiving or reviewing such documents only for the purposes of preparing for and conducting The Litigation.

5. For purposes of this Protective Order, the term "Confidential Information" means information that counsel of record for the designating party has determined, in good faith, constitutes non-public Confidential proprietary data, proprietary business information, and/or research, development, personnel, or commercial information. Information shall be designated as "Confidential" only upon the good faith belief that the information falls within the scope of Confidential information under the Federal Rules of Civil Procedure and the precedents thereto.

6. "Confidential" information shall be designated specifically by marking the thing and/or each page of a document produced as "CONFIDENTIAL." In lieu of marking and producing the original of a document, a marked copy thereof may be produced, provided that the unmarked original is kept available by the producing party for inspection. If a

document is produced electronically, such document may be designated by appending the label "CONFIDENTIAL" to the media on which the document is produced, or to any image of such document.

7. In the event that an original copy of a document is designated "CONFIDENTIAL" as set out in Paragraph 6, and one or more copies of the document or the original are also produced but not so designated, the copies or original shall also be treated as "CONFIDENTIAL" if the receiving party is actually aware of such fact.

8. Such "CONFIDENTIAL" designation shall be made at the time documents or materials are produced or within fifteen (15) days thereafter. In the case of depositions, the designations shall be made by so stating on the record of the deposition. Notwithstanding the foregoing, documents, materials or deposition testimony that are not designated "Confidential" at the time of production may subsequently be designated as "Confidential" within fifteen (15) days of the date of production, or within such other time period allowed by the Court upon motion, by the disclosing party in a letter to the receiving party that specifically describes each document, or testimony so designated, and the receiving party shall treat those documents as "Confidential" as of the date of their designation.

9. Documents or materials marked as "CONFIDENTIAL" pursuant to the terms of the Protective Order, and any information contained therein or derived therefrom shall not be disclosed to anyone other than to "Qualified Persons--CONFIDENTIAL," who are defined to consist of:

(a) Counsel to the parties to The Litigation, including in-house counsel, and clerical, secretarial and paralegal staff employed by such counsel;

(b) Any outside expert or consultant and their staff retained by counsel to assist in the prosecution or defense of this action after being advised of the terms of this Stipulated Protective Order and agreeing in writing, in the form attached as Exhibit A hereto, to abide by its terms to not disclose any Confidential material to any persons not included in this paragraph;

(c) Any witness at deposition or at trial who is employed or was previously employed by the producing party at the time the Confidential document was prepared or disseminated, as well as any person who created, sent or received the document in the ordinary course of business as demonstrated by the evidence, *provided that* any such witness or person is advised of the terms of this Stipulated Protective Order and agrees in writing, in the form attached as Exhibit A hereto, to abide by its terms to not disclose any Confidential material to any persons not included in this paragraph;

(d) Any person noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify, *provided that* any such witness or person is advised of the terms of this Stipulated Protective Order and agrees in writing, in the form attached as Exhibit A hereto, to abide by its terms to not disclose any Confidential material to any persons not included in this paragraph;

(e) Any court reporter or typist recording or transcribing testimony;

(f) The Court and court personnel;

(g) Such other persons agreed to by all parties in writing or ordered by the Court; and

(h) Named parties to this litigation (or their representatives) who have a need to know the information, after being advised of the terms of this Stipulated Protective Order and agreeing in writing, in the form attached as Exhibit A hereto, to abide by its terms to not disclose any Confidential material to any persons not included in this paragraph.

10. During a duly noticed deposition, documents or materials designated "CONFIDENTIAL" may be disclosed to any witness designated by the party that produced those documents or materials, provided that the witness has agreed in writing in the form attached hereto as Exhibit A to abide by the terms of this Stipulated Protective Order. In addition, documents designated "Confidential" may be disclosed to any other witness provided such witnesses do not retain a copy of any such document and that the witness has agreed in writing in the form attached hereto as Exhibit A to abide by the terms of this Stipulated Protective Order. At the request of any party, attendance at depositions may be restricted to the persons designated in Paragraph 9, as applicable.

11. A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information within 15 days of its designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this

Stipulated Protective Order. During the pendancy of any such motion, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Stipulated Protective Order until the Court rules on the motion.

12. In connection with a motion filed under provision 11, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as such.

13. Documents or materials designated as "CONFIDENTIAL" in accordance with the terms of this Stipulated Protective Order, whether discussed in briefs or otherwise, shall not be filed with the Clerk of Court. Parties submitting to the Court documents containing "CONFIDENTIAL" information shall follow the procedure set forth in Colorado Local Rules 7.2 and 7.3. Any party or member of the public may challenge the filing of papers *in camera* under the Local Rules. In the event of a challenge, the party asserting confidentiality will have the burden of proving the same.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "CONFIDENTIAL" shall, upon written request, be returned to the party that designated it "CONFIDENTIAL," or the parties may elect to destroy such documents. Where the parties agree to destroy "CONFIDENTIAL" documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 20th day of April 2009.

BY THE COURT:

[signature]

APPROVED:

s/ Gary C. Rosen
Gary C. Rosen
Becker & Poliakoff, P.A.
3111 Stirling Road, P.O. Box 9057
Fort Lauderdale, FL 33310-9057
Tel: 954.985.4133
Fax: 954.985.4176
E-mail: grosen@becker-poliakoff.com

Steven C. Choquette
Choquette & Simons LLP
600 Grant Street, Suite 201
Denver, CO 80203
Tel: 303.863.8072
Fax: 303.474.6885
E-mail: steve@choquettesimons.com

**ATTORNEYS FOR PLAINTIFF DURST PHOTOTECHNIK AG**

s/ Cynthia A. Mitchell
Cynthia A. Mitchell
Hogan & Hartson LLP
1470 Walnut Street, Suite 200
Boulder, CO 80302
Tel: 720.406.5300
Fax: 720.406.5301
E-mail: cmitchell@hhlaw.com

Anna K. Edgar
Hogan & Hartson LLP
1200 17th Street, Suite 1500
Denver, CO 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: akedgar@hhlaw.com

**ATTORNEYS FOR DEFENDANT IMAGING TECHNOLOGY INTERNATIONAL CORPORATION**

Exhibit A

**NonDisclosure Agreement**

I, ________________, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in Durst Phototechnik AG v. Imaging Technology International Corporation, Civil Action No. 09-CV-00192-MSK-KLM, pending in the United States District Court for the District of Colorado, and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further Order of the Court.

I acknowledge that I am about to receive Confidential Information in said action and certify my understanding that such Information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such information, and any copies I make of any documentary material containing Confidential Information, or any notes or other records that may be made regarding any such information, shall not be disclosed to others, except other qualified persons as identified in the Protective Order. I hereby consent to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing the Protective Order.

Signed:____________________________

Title:______________________________

Dated:_____________________________