IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00192-MSK-KLM

DURST PHOTOTECHNIK AG, a foreign corporation,

Plaintiff,

v.

IMAGING TECHNOLOGY INTERNATIONAL CORPORATION, a Colorado corporation,
and BRUCE MORGAN,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Leave to File Second Amended Complaint and Memorandum of Law in Support** [Docket No. 54; Filed November 6, 2009] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation.[1] The Court has reviewed the Motion, Defendant Morgan's response in opposition to the Motion [Docket No. 59], Plaintiff's reply in support of the Motion [Docket No. 62], the relevant case law, and the entire case file, and is advised in the premises. For

_____

[1] A magistrate judge can only issue orders on non-dispositive motions.  *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1461, 1462 (10th Cir. 1988). The courts in this district are split on whether motions to amend are dispositive. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unpublished decision) (citing cases).  When an order denying a motion to amend removes a defense or claim from the case it may be dispositive.  *Cuena v. Univ. of Kansas*, 205 F.Supp.2d 1226, 1228 (D. Kan. 2002). Because Defendant Morgan's Motion to Dismiss is pending before District Court Judge Marcia S. Krieger, I will assume that the present motion requires a recommendation.

the reasons stated below, the Motion is **GRANTED**.

## I. Background

In the original complaint, filed January 30, 2009, Plaintiff alleged that Defendant Imaging Technology International Corporation ("iTi") induced Plaintiff into entering a revolving credit agreement through the use of fraudulent and negligent misrepresentations regarding its inkjet technology. *Complaint* [#1] at 1-2. Plaintiff brought claims for fraud in the inducement, negligent misrepresentation, breach of contract, and seeks a declaratory judgment. *Id.* at 7-12.

Plaintiff's unopposed motion for leave to file an amended complaint was granted on September 25, 2009. *Order* [#43].[2] In the Amended Complaint, Plaintiff added Bruce Morgan as a defendant on the fraud and misrepresentation claims. *Amended Complaint* [#44]. On October 26, 2009, Defendant Morgan filed a Motion to Dismiss [#50] on the grounds that (1) Plaintiff fails to allege sufficient facts for individual officer liability on the fraud and negligent misrepresentation claims; (2) the alleged misrepresentations are not past or present facts; and (3) Plaintiff fails to state the fraud claim with particularity. *Id.*[3]

Plaintiff has not responded to the Motion to Dismiss. Instead, Plaintiff seeks permission to file a Second Amended Complaint "to add additional particular allegations regarding Mr. Morgan['s] fraudulent acts and negligent misrepresentations." *Motion* [#54]

---

[2] Defendant Morgan now claims that the first Motion to Amend was not unopposed. The First Amended Complaint was filed on September 25, 2009 and Defendant has not objected to Plaintiff's representation in the motion until now, almost four months later.

[3] Defendant Morgan's Motion to Dismiss has not been referred to this court for findings of fact and a recommendation. Thus, I do not have authority to resolve the Motion to Dismiss, and I express no opinion regarding its merits. *See* 28 U.S.C. § 636; D.C.COLO.LCivR 72.1.

at 2.   Moreover, Plaintiff "believes that its Amended Complaint contains adequate particularity, [but] out of an abundance of caution," seeks to amend the complaint a second time. *Id.*

Defendant Morgan argues that Plaintiff has failed to show "good cause" for amending the filing deadline in the scheduling order, as required by Fed. R. Civ. P. 16(b). Morgan also asserts that Plaintiff should not be granted leave to amend pursuant to Fed. R. Civ. P. 15 because the amendment would be futile.   Morgan claims that the alleged misrepresentations in the proposed Second Amended Complaint, i.e. statements of opinion regarding projections of potential future profitability, cannot form the basis of a fraud in the inducement or negligent misrepresentation claim.

## II. Analysis

### A.    Good Cause Under Fed. R. Civ. P. 16(b)

A scheduling order deadline "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b).  The deadline for seeking to amend pleadings in this case was August 15, 2009. [#17].[4]  Plaintiff filed the present motion on November 6, 2009, almost three months later. To demonstrate good cause under Rule 16, Plaintiff must "show that [it] has been diligent in attempting to meet the deadlines, which means [it] must provide an adequate explanation for any delay." *Strope v. Collins*, 315 Fed. Appx. 57, 61 (10th Cir. 2009).

Plaintiff claims that there is good cause for its late filing because the extent of Defendant Morgan's involvement in the contract as issue here was not evident until the

---

[4] Some of the Scheduling Order deadlines have been modified at the request of the parties. [#27, #46].  However, the amendment of pleadings deadline has not been extended.

depositions taken in August 2009. Soon thereafter, Plaintiff filed the Amended Complaint adding Morgan as a Defendant. After reviewing Defendant Morgan's motion to dismiss, Plaintiff filed the present Motion to address the issues raised in Morgan's motion.

Morgan asserts that Plaintiff has not demonstrated "good cause" for the late filing of an amended pleading. Defendant contends that the facts alleged in the proposed Second Amended Complaint and the Amended Complaint are the same, except for the addition of some names and dates. Therefore, Morgan concludes that Plaintiff has not exercised reasonable diligence in complying with the Scheduling Order deadlines.

Good cause has been interpreted to mean that "scheduling deadlines cannot be met despite a party's diligent efforts, ... Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Jorgenson v. Montgomery*, 2007 WL 3119549, *3 (D.Colo. 2007) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F.Supp 959, 980 (D.S.C. 1997)). Based on the facts before me, I cannot find that Plaintiff has not been diligent in pressing the claims against Morgan. Moreover, given that Plaintiff seeks to refine, as opposed to expand, his claims, good cause for amendment exists.

## B. Standard for Amendment Pursuant to Fed. R. Civ. P. 15.

Assuming Plaintiff has demonstrated "good cause" for seeking modification of the Scheduling Order under Rule 16(b), it also must meet the standard for amendment under Fed. R. Civ. P. 15. *Texas Instruments, Inc. v. Biax Corp.*, No. 07-cv-02370-WDM-MEH, 2009 WL 31858155, at *2 (D. Colo. Sept. 28, 2009) (unpublished decision); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).[5]  Fed. R. Civ. P. 15(a)

_____

[5] The Tenth Circuit has not yet decided whether a party seeking to amend pleadings after the Scheduling Order deadline must show "good cause" under Rule 16 in addition to the

provides for liberal amendment of pleadings.   Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow  v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).   Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted).  "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, [it] ought to be afforded an opportunity to test [its] claim on the merits." *Foman*, 371 U.S. at 182.  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Morgan asserts that the amendment should be denied because it is futile.  The Court may deny a proposed amendment as futile.   *Id.*  An amendment is futile if it would not survive a motion to dismiss.  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999)).  "In ascertaining whether [a] proposed amended [pleading] is likely to survive a motion to dismiss, the court must construe the [pleading] in the light most favorable to [movant], and the allegations in the [pleading] must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).  Further, "[a]ny ambiguities must be resolved in favor of [movant], giving [it] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [its pleading]." *Id.* In determining whether an amendment is futile, the question is "'not whether the plaintiff will ultimately prevail but whether [it] is entitled to offer evidence to support the claims.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S.

---

Rule 15(a) requirements.  *Strope*, 315 Fed. Appx. at  62 n. 4.

506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Defendant Morgan asserts that granting the motion to amend would be futile because the misrepresentations alleged in the Second Amended Complaint "are all statements regarding the projections of future performance ..." *Response* [#59] at 11. Such statements, Defendant argues, cannot be used to establish a fraud in the inducement or negligent misrepresentation claim. *Id.* Thus, the negligent misrepresentation claim is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* at 11-12.

Plaintiff asserts the Second Amended Complaint simply addresses Morgan's claim that the allegations in the First Amended Complaint lacked particularity. *Reply* [# 62] at 2. Plaintiff also claims that the alleged misrepresentations in the Second Amended Complaint are "based on past and present circumstances and facts ..." *Id.* at 3. Therefore, Plaintiff argues that the amendment is not futile.

Under Colorado law, "[t]o prevail on a claim for negligent misrepresentation," Plaintiff must prove that "(1) Defendant supplied false information in a business transaction; (2) Defendant failed to exercise reasonable care or competence in obtaining or communicating that information; and (3) [Plaintiff] justifiably relied upon the false information." *Campbell v. Summit Plaza Assocs.,* 192 P.3d 465, 477 (Colo. App. 2008). A fraud claim has similar elements: (1) that Defendant made a material false representation, (2) that it knew was false at the time of the representation, (3) but Plaintiff did not, (4) with the intent that Plaintiff would rely on it, and (5) Plaintiff justifiably relied on it to its detriment. *Venture Inv. Co. v. Schaefer,* 478 F.2d 156, 158 (10th Cir.1973); *Coors v. Sec. Life of Denver Ins. Co.,* 112 P.3d 59, 66 (Colo. 2005); *Nelson v. Gas Research Inst.,* 121 P.3d 340, 344 (Colo. 2005). Defendant Morgan is correct in asserting that fraud and misrepresentation claims

6

cannot be based on future events, but must concern existing facts. *See Ballow v. PHICO Ins. Co.*, 875 P.2d 1354, 1362 (Colo. 1993). However, Plaintiff is also correct that "[a] promise concerning a future act, when coupled with a present intention not to fulfill the promise, can be a misrepresentation which is actionable as fraud." *Id.* (citations and quotations omitted).

Having reviewed the authorities provided by the parties and the allegations in Plaintiff's  proposed Second Amended Complaint, the Court believes further information is necessary before a definitive ruling on the sufficiency of Plaintiff's claims can be made. Such a determination is more properly made upon a disposition of the merits of the claims. That is, based on the evidence currently presented, the Court is not persuaded that the addition of these allegations is wholly "futile."  Considering that leave to amend should be freely granted, the Court finds that allowing amendment is, at this stage of the proceedings, in the interests of justice.

### III. Conclusion

Based on the foregoing, I **RECOMMEND** that Plaintiff's Motion [#54] be **GRANTED**.

I FURTHER **RECOMMEND** that the Clerk of the Court be ordered to accept for filing Plaintiff's Second Amended Complaint and the attached exhibits [# 54-2, #54-3, # 54-4].

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal

questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 20, 2010

BY THE COURT:

_ s/ Kristen L. Mix_____
   United States Magistrate Judge